UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KAREN SUE MILLER,<br><br>                    Plaintiff,<br><br>v.<br><br>IDAHO STATE HOSPITAL SOUTH,<br><br>                    Defendant. | Case No. 4:25-cv-00205-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Karen Miller's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Miller has also filed a Motion for Hearing (Dkt. 6), Motion to Change Venue (Dkt. 7), various supplements (Dkts. 8, 9), a Motion to Amend Complaint (Dkt. 10), and an Amended Complaint (Dkt. 11).

Under 28 U.S.C. § 1915, the Court must review Miller's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Miller's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court DENIES Miller's application to proceed in forma pauperis. Additionally, after a review of the Complaint, the Court must DISMISS the Complaint WITHOUT PREJUDICE.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

In this lawsuit, Miller purports to sue Idaho State Hospital South for various civil rights violations. *See generally* Dkt. 2. She alleges she is being "abused by the state of Idaho" and seeks $65 million in damages. *Id*. at 8. All the pleadings in this case were filed by Levi Benson, who appears to be Karen Miller's son. *Id*. at 5.

## III. LEGAL STANDARD

### A. Application for Leave to Proceed in Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

### B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not

just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. ANALYSIS

### A. Application to Proceed in Forma Pauperis

The Court has reviewed Miller's Application and finds that it lacks the "particularity, definiteness, and certainty" required to establish her poverty. Miller utilized the Administrative Office of the Court's generic in forma pauperis form, but the information contained therein does not provide a good insight into her actual financial situation. Miller left the form almost completely blank, only indicating that she receives

roughly $1,200 per month from disability benefits and other public assistance. Dkt. 1, at 2. She claims no assets and no expenses. *Id*. at 3–5.

Without more information clarifying Miller's situation, the Court is unable to grant her request to proceed in forma pauperis at this time. If—as explained below—Miller chooses to proceed on her own behalf in this case, she should file an amended financial application that is more accurate. Until such a time, Miller's Application is DENIED.

### B.  Sufficiency of Complaint

The fundamental problem with this case is that Levi Benson—Miller's son—is trying to represent her and has been filing all the documents in this case on her behalf. Benson calls Miller "his client" (Dkt. 2, at 5), and asserts he is her "advocate" (*Id*. at 4). But Benson also admits he is a "non attorney." *Id*.

The Court appreciates that Benson is trying to help his mother. But he cannot pursue claims on her behalf. As the Ninth Circuit has held, " . . . constitutional claims are personal and cannot be asserted vicariously." *United States v. Mitchell,* 915 F.2d 521, 526 n. 8 (9th Cir. 1990). What's more, while a non-attorney may appear *pro se* on his own behalf, "[h]e has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir.1987).

Benson states that he has power of attorney for Miller's affairs—including her legal affairs. *See* Dkts. 3, 8, 9. Be that as it may, "a power of attorney does not confer standing to assert another party's constitutional claims or authority to represent another party in court." *Wayne v. Johnson*, 48 F. App'x 679 (9th Cir. 2002).

The Court has explained this principle in depth previously when it held a son could

not represent his ailing mother (who also did not speak English). *See Rosales v. Idaho Dep't of Health & Welfare,* 2020 WL 13601364, at *2 (D. Idaho July 1, 2020). The Ninth Circuit subsequently affirmed the Court's decision, explaining that it has "consistently held that a litigant cannot appear 'pro se' on behalf of another person" and that "this rule applies even when a non-lawyer seeks to represent a family member who is a minor or incompetent." *Rosales v. Idaho Dep't of Health & Welfare*, 2022 WL 17749262, at *1 (9th Cir. Dec. 19, 2022).[1]

Simply put, Miller can represent herself or she can hire an attorney. 28 U.S.C. § 1654. But Benson cannot represent Miller in federal court even if he has power of attorney for her, because non-attorneys may not represent the interests of others.

In light of this threshold problem, the Court must dismiss the current complaint. Miller may, if she so chooses, filed a new complaint on her own behalf. She must also file a new affidavit more completely setting forth her financial condition.

## V. CONCLUSION

Miller has not sufficiently proved her indigency and the Court will not waive the filing fee in this case. She may submit a more complete application, however, and the Court will reconsider.

Additionally, the Court finds that Miller's Complaint is facially deficient because Benson cannot represent Miller's interests or file pleadings on her behalf as he is not a licensed attorney. Accordingly, the Court DISMISSES the Complaint WITHOUT

---

[1] Further, Benson is advised that that under Idaho Law, a non-attorney representing another person in court is engaged in the unauthorized practice of law, which carries criminal penalties. *See* Idaho Code § 3-420.

PREJUDICE. Miller may amend her Complaint and refile *on her own behalf* if she so chooses.

All other pending Motions are DENIED because they were filed by Benson.

## VI. ORDER

1. Miller's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is DENIED WITHOUT PREJUDICE. The Court grants Miller leave to file a more complete application. Any such application must be filed within thirty (30) days of the date of this Order.

2. Miller's Complaint (Dkt. 2) is DISMISSED WITHOUT PREJUDICE. The Court grants Miller leave to file an Amended Complaint *on her own behalf or through a licensed attorney*. Miller must file her Amended Complaint within thirty (30) days of the issuance of this Order.

3. Failure to submit an updated In Forma Pauperis application OR file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

4. Miller's remaining Motions (Dkts. 6, 7, 10) are DENIED.

DATED: May 12, 2025

David C. Nye
Chief U.S. District Court Judge