UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KAREN SUE MILLER,<br><br>                Plaintiff,<br><br>v.<br><br>IDAHO STATE HOSPITAL SOUTH,<br><br>                Defendant. | Case No. 4:25-cv-00205-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION AND BACKGROUND

Before the Court are various Motions filed by Levi Benson. Benson is Plaintiff Karen Miller's son and has been essentially representing her in this case.

Miller (via Benson) filed a civil rights Complaint and Application to Proceed in Forma Pauperis on April 10, 2025. Dkts. 1, 2. On May 12, 2025, as part of its Initial Review Order, the Court denied Miller's Application to Proceed In Forma Pauperis because it lacked sufficient clarity. Dkt. 12, at 3–4. More importantly, however, the Court dismissed Miller's Compliant because Benson—a non-attorney—was trying to represent Miller and was filing things on her behalf. *Id*. at 4–5. The Court explained why this was improper and that Miller needed to either: 1) proceed with this case on her own behalf or 2) retain a licensed attorney. The Court gave Miller 30 days to file both a new financial affidavit and an amended complaint without the assistance of her son. *Id*. at 6.

On May 16, 2025, Benson filed a Motion to Reconsider, explaining that Miller does not understand her rights or even realize she is being abused and asking the Court to recognize he holds Miller's power of attorney. *See generally* Dkt. 13. That same day,

MEMORANDUM DECISION AND ORDER - 1

Benson filed a new Application to Proceed in Forma Pauperis. Dkt. 14.

On May 19, 2025, Benson filed a Motion for More Time. Dkt. 15. Herein, Benson asks that he be given additional time—over the 30 days the Court gave Miller—to finish revising the complaint. The next day, Miller appealed the Court's Initial Review Order. Dkt. 16.

Benson then filed a document on May 22, 2025. Dkt. 19. This document is titled "Motion to add to the responce [sic] appeal." The language in this document is confusing at best, but there is mention of the appeal and proceeding in forma pauperis. The Court has been in communication with the Ninth Circuit, and the Circuit views this as a request to proceed in forma pauperis *on appeal* which, pursuant to Appellate Rule 24, must be addressed by the district court first.

## II. DISCUSSION

### A. Motion to Reconsider (Dkt. 13)

The Court will not reconsider its prior order. As the Court explained in detail, Benson cannot represent Miller. *See* Dkt. 12, at 4–5. Also as explained, the fact that Benson holds Miller's power of attorney does not change this fact. *Id*. at 4. Benson's recent filings do nothing to assuage the Court's concerns. It is clear Benson is trying to represent his mother in bringing these claims. While admirable, this is not allowed. Benson's explanation that Miller does not understand what is happening or is otherwise unaware that her rights are being violated does not save the day. Again, as the Court explained, Benson cannot represent Miller even though she is "a family member" who is "incompetent." *Id*. at 5 (citing *Rosales v. Idaho Dep't of Health & Welfare*, 2022 WL 17749262, at *1 (9th

Cir. Dec. 19, 2022).[1] The Court's Initial Review Order stands—Benson cannot represent Miller. As a result, this case cannot proceed until Miller begins filing materials on her own behalf or via a licensed attorney. The Motion to Reconsider is DENIED.

### B. Application to Proceed in Forma Pauperis (Dkt. 14)

This recently-filed application does not assist the Court in its determination as to whether Miller should be allowed to proceed without the pre-payment of the Court's filing fee. Benson has now included his own financial information alongside Miller's. *See* Dkt. 14, at 2. Additionally, the expenses listed cannot be reconciled. *Id*. at 4. The math is incorrect, and it is not clear which expenses are associated with which person—Benson or Miller—and whether other sources of income are available.

In sum, the document still does not establish Miller's indigency. Again, if Miller can produce an accurate picture of *her own* finances, the Court will be able to resolve whether she can proceed in forma pauperis.

### C. Motion for More Time (Dkt. 15)

Here, Benson asks for more time to comply with the Court's prior order. The Court is not opposed to extending the previously-imposed deadline. However, the glaring problem is, once again, Benson does not say that Miller needs more time, but that *he* needs more time. As explained, however, this is improper. Benson cannot represent Miller. He cannot sign things for her, file things on her behalf, make legal arguments for her, or assert

---

[1] The Court does not know if Miller has formally been declared incompetent by any relevant authority or if Benson is simply stating his opinion that she does not know what is happening around her. Regardless, he cannot represent her.

claims in her stead.

In sum, the Court has no problem allowing more time. However, it only does so to the extent that Miller herself will be filing things in the future. This motion is GRANTED as outlined below.

### D. In Forma Pauperis on Appeal (Dkt. 19)

The Court has not, thus far, discussed the interplay between motions in this case and Miller's appeal. Setting aside the complicated nature of which Court has jurisdiction in situations such as this, the Court concludes that because Miller's appeal is: 1) challenging an interlocutory order (as opposed to a final order) and 2) patently frivolous,[2] the Court is not divested of jurisdiction and will continue resolving motions in this case.

That aside, the question about proceeding on appeal In Forma Pauperis is, by rule, to be adjudicated by this Court. Pursuant to Federal Rule of Appellate Procedure 24, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district Court." Fed. R. App. P. 24(a)(1). The District Court has the discretion to grant or deny the request. As part of its review, if the Court determines the appeal is not taken "in good faith," it must notify the appellant and the Court of Appeals as soon as possible. Fed. R. App. P. 24(a)(4).

Permitting litigants to proceed on appeal in forma pauperis is a privilege, not a right.

---

[2] Generally, there are three situations in which a notice of appeal does not divest the district court of jurisdiction: (1) where the issue before the district court is separate from, or collateral to, the matter involved in the appeal; (2) where application of the divestiture of jurisdiction rule would wholly undermine its purpose; and (3) where the appeal is clearly defective or frivolous. *See Ashker v. Cate*, 2019 WL 1558932, at *3 (N.D. Cal. Apr. 10, 2019). Most of the issues in the present motions are related or quasi-related to the issue on appeal (the Court's Initial Review Order). But the appeal itself is, unfortunately, frivolous. Thus, the Court finds it appropriate to continue presiding over this case and adjudicating motions as they are filed.

MEMORANDUM DECISION AND ORDER - 4

*Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). Good faith on appeal is demonstrated by an objective standard of a nonfrivolous issue. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In this case, the Court certifies Miller's appeal is not taken in good faith. As the Court explained—citing Ninth Circuit caselaw—Benson cannot represent Miller. Dkt. 12, at 4–5. There is nothing that will change this conclusion. Appealing the Court's conclusion on this topic is an exercise in futility.

Miller's appeal of this Court's Initial Review Order is legally frivolous.[3] For that reason, the Court certifies the appeal is not taken in good faith, and it will not allow Miller (via Benson) to proceed in forma pauperis on appeal.

### III. CONCLUSION

At this stage, the Court is addressing threshold issues. It is not reaching the merits of any claim. But from a procedural standpoint, it cannot move to the next stage until Miller corrects the errors identified regarding her financial affidavit and, more importantly, her representation. Benson cannot represent Miller because he is not an attorney. Holding Miller's power of attorney does not change this holding. As the Court already warned Benson, Idaho law prohibits a non-attorney from representing another person in court. Doing so constitutes the unauthorized practice of law and carries criminal penalties. Dkt.

---

[3] And to repeat, the Court gave Miller an opportunity to proceed in this case correctly—pro se or via counsel. So, it is not as if the Court has wholly foreclosed Miller's access to the Courts. Instead of appealing, Miller could have complied with the Court's order.

MEMORANDUM DECISION AND ORDER - 5

12 (citing Idaho Code § 3-420).

## IV. ORDER

1. Miller's Motion for Reconsideration (Dkt. 13) is DENIED.

2. Miller's Application for Leave to Proceed In Forma Pauperis (Dkt. 14) is DENIED WITHOUT PREJUDICE. The Court grants Miller leave to file a more complete application.

3. Miller's Motion for More Time (Dkt. 15) is GRANTED to the extent the Court will extend the time to file an amended complaint and application until May 30, 2025, as requested. But Miller herself (or an attorney) must file all future documents in this case, not Benson.

4. Miller's Notice/Motion to proceed In Forma Pauperis on Appeal (Dkt. 19) is DENIED.

DATED: May 27, 2025

_____
David C. Nye
Chief U.S. District Court Judge