UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KAREN SUE MILLER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>IDAHO STATE HOSPITAL SOUTH,<br><br>　　　　　　Defendant. | Case No. 4:25-cv-00205-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION AND BACKGROUND

Before the Court is a Motion for Amended Complaint and Overturn Ruling (Dkt. 23) and two Motions to Overturn Ruling (Dkts. 27, 30) filed by Levi Benson.

Plaintiff Karen Miller (via her son, Benson) filed a civil rights Complaint and Application to Proceed In Forma Pauperis on April 10, 2025. Dkts. 1, 2. In sum, Benson claimed his mother—who is currently housed at the Idaho State Hospital in Blackfoot, Idaho—is being abused by staff there.

On May 12, 2025, as part of its Initial Review Order, the Court denied Miller's Application to Proceed In Forma Pauperis because it lacked sufficient clarity. Dkt. 12, at 3–4. More importantly, however, the Court dismissed Miller's Compliant because Benson—a non-attorney—was essentially trying to represent Miller and was filing things on her behalf. *Id*. at 4–5. The Court explained such an arrangement was not allowed and outlined that Miller needed to either proceed on her own behalf or retain a licensed attorney. Dkt. 12, at 5–6.

The Court gave Miller 30 days to file both a new financial affidavit and an amended

MEMORANDUM DECISION AND ORDER - 1

complaint without the assistance of her son. *Id*. at 6.

Benson appealed the Court's order. Dkt. 16.

On May 16, 2025, Benson filed a Motion to Reconsider explaining Miller does not understand her rights or that she is being abused and asked the Court to allow him to proceed on Miller's behalf as he holds her power of attorney. *See generally* Dkt. 13. That same day, Benson filed a new Application to Proceed In Forma Pauperis. Dkt. 14. Other motions followed. Dkts. 15, 19.

On May 27, 2025, the Court issued a Memorandum Decision and Order denying Miller's Motion to Reconsider and denying Miller's renewed Application to Proceed In Forma Pauperis, among other rulings. Dkt. 21.

On June 2, 2025, Benson filed an Amended Complaint listing himself as the sole Plaintiff in this case and seeking $157 billion in damages for the abuse his mother has suffered at the hands of the state of Idaho. Dkt. 22. That same day, Benson also filed a Motion for Amended Complaint and Overturn Ruling. Dkt. 23. In this motion Benson stated he would like to remove Miller as a Plaintiff and proceed himself. *Id*. at 1. Benson did not, however, clarify which of the Court's rulings, if any, he wanted overturned.

On July 9, 2025, Benson filed a virtually identical Motion asking that the Court allow him to file an Amended Complaint. Dkt. 27.

The matters are ripe for review.

## II. DISCUSSION

Benson can file an Amended Complaint as a matter of course because the Court has not allowed him to serve any Defendants at this stage. Fed. R. Civ. P. 15(a)(1). Thus, the

Court will accept his Amended Complaint to the extent it will remove Miller as a Plaintiff from all documents moving forward.

Yet two fundamental problems remain.

First, Benson has yet to file an Application to Proceed In Forma Pauperis outlining *his* financial situation. Until the Court determines whether Benson must pay the filing fee, this case is at a standstill.

Second and more importantly, Benson's Amended Complaint cannot proceed in its current form.

To begin, Benson must clarify whether he is suing on Miller's behalf or his own. Benson's complaint does not outline any specific causes of action; rather, he weaves a confusing story regarding his mother's care and alleged abuse in a mental hospital. *See generally* Dkt. 2, at 5–8. While Benson's Amended Complaint lists himself as the only plaintiff, it appears to allege civil rights violations on his mother's behalf. If Benson wants to continue pursuing this case, he must clarify whose claims he is bringing in a Second Amended Complaint.

If Benson is pursuing claims on his mother's behalf, he must amend his complaint to plead facts necessary to show that he has the right to do so. Typically, a person cannot bring a lawsuit on another person's behalf. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a non-lawyer "has no authority to appear as an attorney for others than himself"). The Federal Rules of Civil Procedure provide a limited exception, however: a guardian, committee, conservator, or like fiduciary of an incompetent person may sue on that person's behalf. Fed. R. Civ. P. 17(c).

MEMORANDUM DECISION AND ORDER - 3

Benson claims his mother is mentally unstable and that he has her power of attorney. Benson might be able to bring this case on Miller's behalf—if he pleaded in a Second Amended Complaint that Miller is incompetent, that she was competent to execute the power of attorney when it was signed, that it authorizes Benson to represent Miller in this case, and that the power of attorney is durable. And even if Benson can prove that he has the right to make litigation decisions on Miller's behalf, the Court may still require him to retain an attorney-at-law to represent her in court. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (finding that a parent may not represent a child under Fed R. Civ. P. 17(c) without retaining counsel for the child); *see also Calabrese v. California*, 2023 WL 2261399 (9th Cir. Feb. 28, 2023) (unpublished) (applying *Johns* to require the guardian of an incompetent person to retain counsel).

If, on the other hand, Benson is seeking to sue for injuries he himself suffered, he needs to file a Second Amended Complaint explaining how the various defendants hurt him personally. He must state the "who, what, where, when, why, and how" of each and any claim, including: (1) the name of the person or entity he claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state or federal actor or a private entity/private individual acting under color of law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action he alleges is unconstitutional; (5) the particular provision of the Constitution he alleges has been violated; (6) facts indicating the elements of the violation are met; (7) the injury or damages he personally suffered; and (8) the particular type of relief he is seeking from each defendant.

MEMORANDUM DECISION AND ORDER - 4

Finally, the Court notes that the State of Idaho is likely immune from suit under the Eleventh Amendment. Benson has no private right of action under the United States Constitution to assert his (or his mother's) constitutional claims. Rather, 42. U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution." *Rehber v. Paulk*, 566 U.S. 356, 361 (2012). Congress, however, has not abrogated a state's immunity for purposes of a § 1983 claim. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989).

Further, "the State of Idaho has not made a general waiver of its Eleventh Amendment sovereign immunity." *Citizens of Idaho v. Idaho*, 2012 WL 3905235, at *2 (D. Idaho Aug. 15, 2012), and the State Hospital in Blackfoot is run by an arm of the state and entitled to invoke Eleventh Amendment immunity. *See, e.g.*, *Driggers v. Idaho Dep't of Health & Welfare*, 2008 WL 2095683, at *4 (D. Idaho May 16, 2008) (noting plaintiff cannot sue IDHW absent the state's consent). *See also Cummings v. Vernon*, 1996 WL 218202, at *1 (9th Cir. 1996) (concluding the Eleventh Amendment barred plaintiff's claims against the State of Idaho).

Benson has not outlined any exception to this long-standing legal doctrine that would allow him to sue the State of Idaho. His Second Amended Complaint must, therefore, outline the legal basis for whatever claims he seeks to levy against the state and how the state is not immune from his claims.

## IV. ORDER

1. Benson's Motions (Dkt. 23, 27, 30) are GRANTED to the extent the Court will allow him to remove Miller as a Plaintiff. They are denied in all other respects.

2. Benson's Amended Complaint is still lacking in substance and cannot proceed in its current form. It also appears to be barred by multiple legal doctrines. To continue, Benson must file a Second Amended Complaint in substantial compliance with the Court's analysis above.

3. Benson must also file an Amended Application to Proceed In Forma Pauperis so the Court can accurately evaluate his financial situation and determine whether he must pay the filing fee to proceed with this suit.

4. Benson's Second Amended Complaint and Amended Application to Proceed In Forma Pauperis are due within 30 days of the date of this order. Failure to file both documents will result in the dismissal of this case without further notice.

DATED: October 23, 2025

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6